Ruffin, C. J.
 

 The judgment must be reversed. The defendant was not entitled to set-ofF his demands in this action in any form; neither as judgments, nor bonds. Not the former, because, they were rendered after the commencement of this suit, and were not due even when
 
 *257
 
 the plea was put in, having been staid. Indeed the plea is of the bonds, and not of the judgments; and yet the jury allowed the defendant his costs recovered in those judgments as a part of the set-off here. But the bonds themselves were not good set-offs. For a set off must not only be due, at the commencement of the suit,
 
 Haughton
 
 v. Leary, 3 Dev. & Bat. 21, but it is plain that it must continue to be due in the same form, when pleaded. The Statute meant, indeed, to do away the necessity of a multiplicity of suits. But it does not oblige one, who is sued, to set-off his counter demand; and if he chooses to sue on it, and thereby produce the mischief the law designed to correct, he renounces the privilege of the Statute, and cannot afterwards claim it, so as to defeat his creditor’s action and throw the costs on him. The défendant can no more set-off these bonds, after merging them in judgments, between the suit brought and plea pleaded, than he could, if at that time he had received payment of them. This, the very form of the defendant’s plea shows. Taken from the precedents, it alleges, “that the plaintiff before and at the time of the commencement of this suit &c., was,
 
 and still is
 
 indebted to the defendant in &c., upon and and by virtue of a
 
 certain writing obligatory
 
 sealed &c., and now shown to the Court, &c., which said
 
 writing obligatory,
 
 at the commencement of the suit, was
 
 and still is, in full force and effect, not released, paid off, satisfied, cancelled, or otherwise made void,”
 
 3
 
 Chitty P. C.
 
 931, 936.
 

 The Counsel for the defendant, in order to show that the change in the face of the evidences of the debt, does not defeat the set-off, has drawn our attention
 
 tó
 
 that class of cases, in which the Court, where two persons have cross judgments, has satisfaction acknowledged or entered for the amount of the recovery and costs in the other. But that is a distinct jurisdiction, and not founded on the Statute at all. It is a discretionary power, exercised
 
 by
 
 the Court over its suitors for the purposes of promoting
 
 *258
 
 justice and preventing the loss of costs in cases of insolvency or the like. But the attempt here, is not to set off one set of costs, or judgment against the other, but to compel the present plaintiff to pay the costs of his own action, as well as those of the defendants, by using the set off as a bar to the plaintiff, under the Statute.
 

 Per Coriam. J udgment reversed, and a
 
 venire de nova.